UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: NAPOLEON KELLY AND     CASE NO. 06-51384 ERG
SHEILA KELLY     CHAPTER 13

## OPINION

The matter before the court is the Motion for Relief from Automatic Stay and for Abandonment or Alternatively, for Adequate Protection filed by MTGLQ Investors, LP (Dkt. #8), and the Debtors' response thereto (Dkt. # 20). Having considered the pleadings and memoranda, the court concludes that the motion should be granted.

## I. FACTUAL BACKGROUND

Napoleon Kelly and Sheila Kelly ("Debtors") filed their petition for relief under Chapter 13 of Title 11 of the United States Code on December 9, 2006. Thereafter, MTGLQ Investors, LP ("MTGLQ") filed its Motion for Relief From Automatic Stay and for Abandonment or Alternatively, for Adequate Protection.

MTGLQ alleges that it is the owner of a note in the amount of $72,000 dated December 22, 2000, and secured by a Deed of Trust relating to property previously owned by the Debtors in Northill Subdivision in Hattiesburg, Mississippi[1]. A foreclosure sale was conducted on January 5, 2005 in Hattiesburg, Mississippi. GMAC Mortgage Corporation was the highest and best bidder at the foreclosure sale. The Substitute Trustee's Deed was recorded January 18, 2005.

---

[1] The parties do not dispute that the Deed of Trust was originally executed in favor of Nations Credit Financial Services Corporation d/b/a EquiCredit, that granted a security interest in property located at 737 Northill Drive, Hattiesburg, Mississippi. The Deed of Trust was eventually assigned to GMAC Mortgage Corporation and was foreclosed on January 5, 2005. GMAC quitclaimed the property to MTGLQ Investor, LP.

The property was later deeded to MTGLQ on October 4, 2006 and recorded in Forrest County on November 6, 2006. MTGLQ requests that the stay be lifted insofar as the property is affected, and requests an order terminating the stay provided by 11 U.S.C. § 362(a). MTGLQ asserts that the unpaid balance on the loan is currently $71,703.89, that the original loan amount in 2000 was $72,000.00, and that the property is worth approximately $50,000.00 according to the Debtors' schedules.

The Debtors' response denies the allegations relating to the foreclosure and entitlement to relief, alleging that Sheila Kelly filed a prior bankruptcy in this court, Case No. 02-56451 HEG wherein a document was entered which purported to grant relief from the automatic stay, and that there was no relief from co-debtor stay. The Debtors further alleged that while Napoleon Kelly filed bankruptcy in Alabama, Case No. 01-70363-CMS-13, and a document was entered which purported to relieve his automatic stay, the co-debtor stay as to Sheila Kelly was not removed. The debtors further alleged that the foreclosure sale was not published for the period specified in the statute. Briefs were submitted by the parties on the matter.

## II. CONCLUSIONS OF LAW

The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157. The court has jurisdiction over the parties and the subject matter to this proceeding pursuant to 28 U.S.C. § 1334 and § 157.

MTGLQ requests relief from the automatic stay pursuant to 11 U.S.C. § 362(d), arguing the various points under that subsection. Section 362(d)(1) allows relief from the stay for cause, including the lack of adequate protection of an interest in property. Based on the undisputed

factual allegations and arguments contained in the pleadings and brief of MTGLQ, and upon the failure to reduce the principal balance on the loan and the lack of equity in the property, the court concludes that the motion for relief from automatic stay should be granted.

The Debtors' arguments emphasize the prior individual bankruptcy proceedings filed by these Debtors, alleging that co-debtor stays may not have been terminated in those cases, and that the foreclosure sale was conducted in violation of the co-debtor stay rendering it invalid. However, MTGLQ points out that, "This is not a motion to set aside foreclosure or a case to determine the validity of a foreclosure sale, rather it is simply a Motion for Relief" from automatic stay. Brief of MTGLQ at 4. MTGLQ further avers that whether it seeks to exercise possessory rights or to re-foreclose its interest is irrelevant to the current motion.[2] The court agrees with this assertion, but notes that the relief granted herein is granted to the extent that there is an interest in the estate, without finding it necessary to make such determination.[3]

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This

---

[2] It is alleged in the motion for relief from stay that the Debtors are no longer the owners of the property by virtue of the foreclosure sale held in January of 2005. However, as stated herein, it is not necessary to make such determination for purposes of granting relief from the stay as requested.

[3] It is noted, however, that MTGLQ asserts that the request for relief from stay in the individual proceeding previously filed by Sheila Kelly did seek relief from the co-debtor stay, and that a subsequent notice of termination of the automatic stay was entered prior to the foreclosure date in January of 2005.

opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

**ATTORNEY FOR DEBTORS:**
John H. Anderson
713 Arledge Street
Hattiesburg, MS 39401-4349

**ATTORNEY FOR MTGLQ INVESTORS, LP**
Emily Kaye Courteau
Morris and Associates
309 Oliver Road
Monroe, Louisiana 71201